**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LAKISHA GREEN** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-01199-SDJ-BD** |
| | § | |
| **CAPITOL AT STONEBRIAR, *et al.*** | § | |

## MEMORDANDUM OPINION AND ORDER

Pro se plaintiff Lakisha Green moved for sanctions against defendants Capitol at Stonebriar; Cushman & Wakefield, Inc.; and Pinnacle Property Management Services, LLC. Dkt. 56. After the nonmovants failed to timely respond to that motion, the court set a show-cause hearing and invited briefing on the issue of sanctions. Dkt. 64; *see* Dkts. 65 (response), 66 (reply). The motion will be denied and the show-cause hearing canceled.

## RULE 11 SANCTIONS

Rule 11 provides that any attorney or unrepresented party, by signing, filing, submitting, or advocating a pleading, written motion, or other paper, certifies to the court

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The court may impose sanctions for violating Rule 11 sua sponte or on a party's motion. *Id.* R. 11(c)(1)–(3). The Rule includes a safe-harbor provision: any motion for Rule

11 sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* R. 11(c)(2). "[S]trict compliance" with Rule 11's procedural requirements is mandatory, *In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008), and "[a] party's failure to comply with the safe harbor provision generally precludes a district court from granting the party's motion for sanctions under Rule 11," *Askins v. Hagopian*, 713 F. App'x 380, 380–81 (5th Cir. 2018) (per curiam).

The central purpose of Rule 11 is "to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The rule "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Id.* (quotation marks omitted).

## DISCUSSION

In her sanctions motion, Green states that she served counsel for the nonmovants with "a written Safe Harbor Notice pursuant to" Rule 11 on July 3, 2026. Dkt. 56 at 1. The motion does not attach a copy of the notice. Green goes on to assert that the nonmovants "compounded the misconduct identified in the Safe Harbor Notice by introducing additional misrepresentations" in their response to her motion for a temporary restraining order, Dkt. 49, filed on July 17. Dkt. 56 at 1–2. The motion lists eight representations or actions by the nonmovants that Green argues warrant sanctions. *Id.* at 3–6.

In their sanctions briefing, the nonmovants argue that Green did not strictly comply with the safe-harbor requirements of Rule 11, so the court may not impose sanctions. Dkt. 65 at 3–4. They point out that what Green served on them was a notice announcing her intention to move for sanctions, not a motion for sanctions. *Id.* at 4. They argue that the notice could not comply with Rule 11 because that rule requires strict compliance and because some of the conduct alleged in the motion happened after Green served the notice. *Id.* The nonmovant's brief refers to the notice as "Ex. A" but does not attach it. *See id.* The nonmovants go on to argue, for each act or

representation identified in the motion, either that Rule 11 does not apply or that the act or representation was objectively reasonable. *Id.* at 5–7.

In her reply, Green concedes that her sanctions motion did not comply with Rule 11's safe-harbor provision but calls the nonmovants' reliance on that requirement a "procedural smoke screen." Dkt. 66 at 1. She urges the court to exercise its inherent authority to impose sanctions. *Id.*

Rule 11 requires strict compliance with its safe-harbor provision so that the nonmovant may avoid sanctions by withdrawing the targeted filing. *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The burden is on the movant to show that compliance. *Cunningham v. Matrix Fin. Servs., LLC*, No. 4:19-CV-00896-ALM-CAN, 2021 WL 2796645, at *1 (E.D. Tex. Feb. 12, 2021). Green, by relying on the July 3 notice, has not shown that she complied with the Rule's requirement that she serve "the motion" on the nonmovants. *See* Fed. R. Civ. P. 11(c)(2). Nor could she, as the motion challenges statements that the nonmovants filed with the court on July 17. Dkt. 56 at 5–6. The court declines to exercise its limited inherent sanctions power. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (explaining that a federal district court's inherent power to sanction should be exercised "with great restraint and caution"). Noncompliance with Rule 11's safe-harbor provision is reason enough to deny Green's motion.

**CONCLUSION**

It is **ORDERED** that the motion for sanctions, Dkt. 56, is **DENIED** and that the show-cause hearing set for November 6, 2026, is **CANCELED**.

So **ORDERED** and **SIGNED** this 2nd day of November, 2026.



Bill Davis
United States Magistrate Judge